IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY LAMONT MCCALL, #16975-002, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:18-CV-131-WHA [WO] |
| DERRICK CUNNINGHAM, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff brings this hybrid *Bivens*/42 U.S.C. § 1983 action alleging violations of his rights under the Constitution or laws of the United States.[1] This action is proceeding on Plaintiff's amended complaint.[2] Doc. 13.  Plaintiff names as defendants Derrick Cunningham, Sheriff of Montgomery County, Alabama, William Keith Watkins, District Judge of the United States District Court for the Middle District of Alabama, and Jesse Seroyer, Jr., U.S. Marshal for the Middle District of Alabama. Plaintiff seeks damages, costs, and attorney's fees.  Upon review, the court concludes that dismissal of the amended complaint prior to service of process is appropriate under process under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1] A *Bivens* action, which is brought against federal actors, is the federal counterpart to an action under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971).

[2] After reviewing the complaint and finding numerous deficiencies, the court determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies.  On March 6, 2018, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 4.

[3] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 2.  The court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 3. However, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

## I.   STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his amended complaint under 28 U.S.C. § 1915(e)(2)(B).[4]   Under § 1915(e) (2), a court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[5] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325.  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

---

[i] is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

[5] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

clearly baseless." *Neitzke*, 490 U.S. at 327.  A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## II. DISCUSSION

Plaintiff is a federal inmate currently housed at the Montgomery County Detention Facility in Montgomery, Alabama. He complains he suffered a fall at the detention facility in May of 2017 and sustained an injury. Plaintiff maintains he notified the proper authorities at the facility of his need for treatment regarding a service connected disability,[6] other ailments, and for the injuries sustained from the fall but asserts his requests for treatment were denied. Doc. 13.

### A.  Judge Watkins

Plaintiff's amended complaint alleges Judge Watkins violated his constitutional rights when he issued an adverse ruling on Plaintiff's request for medical treatment filed in his federal criminal case.[7] Plaintiff requested Judge Watkins issue an order granting his request to be transported to a veteran's facility in Montgomery, Alabama. Doc. 13 at 6.

"[T]he immunities provided federal officials in *Bivens* actions are coextensive with those provided state officials in § 1983 actions." *Bolin v. Story*, 225 F.3d 1234, 1241 (11th Cir. 2000); *accord Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (observing that under *Butz v.*

---

[6] Plaintiff states he is a U.S. military veteran with a service connected disability. Doc. 13 at 3.

[7] The court takes judicial notice of its records in Plaintiff's federal criminal proceeding, *United States v. McCall,* 2:16-CR-444-LSC (M.D. Ala.). During the pendency of the action, the case was re-assigned to Judge L. Scott Coogler.

*Economou*, 438 U.S. 478, 500 (1978), a federal official enjoys the same immunity in a *Bivens*

action that a similar state official has for an identical violation under § 1983); *Van Sickle v.*

*Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (finding that federal district and circuit judges

were entitled to absolute judicial immunity); *Patterson v. Aiken*, 628 F. Supp. 1068, 1071 (N.D.

Ga.) (granting federal judges absolute judicial immunity in a *Bivens* action), *aff'd*, 784 F.2d 403

(11th Cir. 1986).

In a *Bivens* action, a judge is entitled to absolute judicial immunity from damages for those

acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all

jurisdiction.'" *Bolin*, 225 F.3d at 1239 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978));

*Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this

immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.

*Stump*, 435 U.S. at 356; *Bolin*, 225 F.3d at 1239. *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

A federal judge's absolute immunity includes immunity from claims for injunctive relief.[8] *Bolin*,

225 F.3d at 1240-42; *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385

(9th Cir. 1987).

Here, it is clear that Plaintiff's contact with Judge Watkins was in his judicial capacity.

Plaintiff's federal criminal charges were before Judge Watkins when he filed the motion in

---

[8] Moreover, to be entitled to equitable relief, a "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1392 (9th Cir. 1987) (citations omitted). Equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen*, 466 U S. 522, 542 & n.22 (1984). *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001) (adequate remedy at law existed where requested relief could be obtained through "standard legal means [such] as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review of prior proceedings); *Bolin*, 225 F.3d at 1243 n.7 (noting that in the absence of judicial immunity, the defendant judges would be entitled to dismissal because an adequate remedy at law existed through appellate review or an extraordinary writ).

question and was pending before this court when an order and adverse ruling was entered which Plaintiff argues was violative of his rights. The first portion of the *Stump* immunity test, which requires that the judge be acting in his judicial capacity, is satisfied. *Simmons*, 86 F.3d at 1085.

The second part of the *Stump* test inquires into whether Judge Watkins acted in the " 'clear absence of all jurisdiction.' " *Simmons*, 86 F.3d at 1085 (quoting *Stump*, 435 U.S. at 357). Plaintiff asserts the denial of his motion was an abuse of judicial discretion because a hearing was not held on the motion.[9] This contention does not reflect that action was taken by a judicial officer without jurisdiction. Moreover, it is clear that "[t]he judicial power [of the United States] shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and treaties...." U.S. CONST. ART. III, § 2. Thus, when an order and ruling was entered in Plaintiff's criminal case on his motion for medical treatment, the judge entering the ruling acted within his jurisdiction. To the extent Plaintiff contends the ruling was erroneous, an error by a judge in a ruling or in the handling of a case does not divest a judge of jurisdiction over an action before him. *See Stump*, 435 U.S. at 363-64 (holding that judicial immunity extends to judicial acts that may contain error).

Based on the foregoing, Judge Watkins is entitled to absolute judicial immunity from Plaintiff's claim for monetary damages. Accordingly, Plaintiff's complaint against Judge Watkins is frivolous as a matter of law, and it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

---

[9] Review of Plaintiff's federal criminal proceedings reflect that his motion for medical treatment was denied after the case had been re-assigned to Judge Coogler. *See U.S. v. McCall*, 2:16-CR-444-LSC.

**B. U.S. Marshal Seroyer and Sheriff Cunningham**

Plaintiff maintains he was not treated at the Montgomery County Detention Facility for any of his injuries, and his request for treatment at the veteran's medical facility in Montgomery, Alabama, was denied. He alleges Defendant Cunningham, through his agents and employees, failed to provide him with the medical treatment he requested, and Defendant Seroyer has a duty to ensure person charged with federal offenses and housed in a jail receive medical care as needed. Doc. 13 at 5–7.

Plaintiff's allegations against Defendants Seroyer and Cunningham reflect he seeks to hold them liable under *respondeat superior*. A § 1983 action, however, will not support a claim under this theory.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (doctrine of *respondeat superior* is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions.  *Id.*  at 676–777 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . .  [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . .   [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95  (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 allows no plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also*   *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a

supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Based on this standard, Plaintiff has done nothing to affirmatively link Defendants Seroyer and Cunningham to a violation of his constitutional rights. His conclusory, bare assertions that Cunningham and Seroyer are essentially liable under § 1983 as, respectively, a Sheriff and U.S. Marshal, without alleging any fact from which it can be inferred that they knew of or acted deliberately towards Plaintiff's medical needs, is insufficient. Accordingly, this action against Defendants Cunningham and Seroyer is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 amended complaint against Defendant Watkins be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2.  Plaintiff's § 1983 amended complaint against Defendants Cunningham and Seroyer be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3.  This case be DISMISSED prior to service of process.

It is further

ORDERED that **on or before August 27, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of August 2018.

/s/    Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE