IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY LAMONT MCCALL, #16975-002, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-131-WHA ) [WO] |
| DERRICK CUNNINGHAM, *et al*., | ) ) |
| Defendants. | ) |

**OPINION**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 15), and Plaintiff Harry McCall's Objection thereto (Doc. 16). Upon a *de novo* review of the record and consideration of the Recommendation and the Objection to the Recommendation, the court finds the Objection to be without merit and due to be overruled.

McCall is an inmate incarcerated at the Montgomery County Detention Facility who files this *Bivens/*42 U.S.C. § 1983 action challenging a denial of medical care stemming from injuries he sustained from a fall at the detention facility in May of 2017. McCall sues United States District Judge W. Keith Watkins, Montgomery County Sheriff Derrick Cunningham, and United States Marshal Jesse Seroyer, Jr.[1] In his Recommendation, the Magistrate Judge recommended that Plaintiff's amended complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i–iii). The Magistrate Judge reasoned that Judge Watkins is entitled to absolute judicial immunity from McCall's request for monetary damages. Regarding McCall's allegation against Sheriff Cunningham and Marshal Seroyer that they failed to ensure that he received or was provided with

---

[1] This matter proceeds on McCall's amended complaint. Doc. 13.

adequate and appropriate medical care in the jail, the Magistrate Judge determined that McCall could not hold these defendants liable under a theory of *respondeat superior*. Doc. 15.

Initially, the court notes McCall's assertion that he has no objection to the Recommendation that Judge Watkins be dismissed as a defendant. Regarding Defendants Cunningham and Seroyer, McCall objects to the Recommendation they be dismissed claiming that, in the absence of medical records and engagement in the discovery process whereby a litigant may obtain additional facts or learn facts to prove his case, the Magistrate Judge could not make an informed decision regarding the allegations in his amended complaint. McCall further argues that the Magistrate Judge abused review of the amended complaint under the *in forma pauperis* statute by recommending dismissal of this action because McCall's claims are not frivolous and he has a right to constitutionally adequate medical care while incarcerated. Doc. 16.

The Magistrate Judge found that McCall's allegations against Defendants Cunningham and Seroyer are subject to dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) where his allegations failed to affirmatively link the defendant supervisory officials to a violation of his constitutional rights. That is, McCall's allegations that Defendants Cunningham and Seroyer as, respectively, a Sheriff and U.S. Marshal, are liable under § 1983 without alleging any fact from which it can be inferred that they knew of or acted deliberately towards Plaintiff's medical needs, is insufficient. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 136 (11th Cir.1998) (a court may not "serve as de facto counsel for a party, . . . or . . . rewrite an otherwise deficient pleading in order to sustain an action."). This court agrees with the reasoning of the Magistrate Judge that Plaintiff's allegations against Defendants Cunningham and Seroyer are subject to dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a

claim on which relief may be granted against these officials and finds that McCall's Objection is not responsive to this conclusion.

Accordingly, the court concludes that Plaintiff's objection (Doc. 16) should be OVERRULED and the Recommendation of the Magistrate Judge (Doc. 15) ADOPTED.

An appropriate judgment will be entered.

DONE this 24th day of August, 2018.

           /s/ W. Harold Albritton
           W. HAROLD ALBRITTON
           SENIOR UNITED STATES DISTRICT JUDGE